IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

vs.  Case No.: 3:98cr126/LAC

JEFFREY THERCY,
_____/

**<u>ORDER</u>**

This matter is before the Court on Defendant Jeffrey Thercy's motion for a reduction in sentence under the First Step Act of 2018 (FSA) (Docs. 383, 394, 396). The Government has filed a response in opposition (Doc. 390). Having fully considered the applicable law and the parties' arguments, the Court rules as follows.

I.   BACKGROUND

Defendant was found guilty after a jury trial on April 20, 1999, on the following counts: Count One, conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and (iii); Count Two, possession with intent to distribute cocaine in violation of 21 U.S.C. § 84l(b)(l)(B)(ii); and Count Three, possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). After the Government filed a notice of enhancement information for Counts One and Two, Defendant faced a mandatory minimum sentence of 20 years

to life imprisonment and at least 10 years of supervised release as to Count One; a minimum term of 10 years to life imprisonment and a minimum of 8 years on supervised release as to Count Two; and a minimum 5 year consecutive term of imprisonment plus 3 years of supervised release as to Count 3.  Defendant's guideline imprisonment range was found to be 360 months to life imprisonment.

On July 1, 1999, the Court sentenced Defendant to concurrent terms of 360 months imprisonment as to Counts One and Two, and then a consecutive term of 60 months imprisonment as to Count Three. The Court also imposed a 10 year term of supervised release on Count One, 8 years as to Counts Two and Three, with all terms to run concurrently.  At sentencing, the Court found Defendant to be accountable for 2.9 kilograms of cocaine base.  No weight of powder cocaine was conclusively determined because those amounts were converted to cocaine base for sentencing purposes. According to the Bureau of Prisons, Defendant's current projected release date is February 25, 2029.

II. DISCUSSION

With the passage of the Fair Sentencing Act (FSA of 2010) in 2010, the statutory penalties for offenses involving cocaine base, or crack cocaine, were lowered – by raising the required drug weights necessary for imposing enhanced penalties on

offenders. FSA of 2010, Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372, 2372. The statute aimed to reduce the disparity between the quantities of crack cocaine and those of cocaine powder that were required to trigger the statutory penalties prescribed by 21 U.S.C. §§ 841(b)(1) and 960(b). *Id.* § 2. Section 2 of the FSA of 2010 changed the quantity of crack cocaine necessary to trigger a 5-year mandatory minimum, under 21 U.S.C. § 841(b)(1)(B)(iii), from 5 grams to 28 grams and the amount necessary to trigger a 10-year mandatory minimum, under 21 U.S.C. § 841(b)(1)(A)(iii), from 50 grams to 280 grams. *Id.* While the FSA of 2010 was not retroactive, the First Step Act changed that, stating that the FSA of 2010 could, in the court's discretion, be retroactively applied to defendants who committed their offenses before August 3, 2010. First Step Act, Pub. L. No. 115-391, § 404. In such a situation, the court is authorized to impose a reduced sentence "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Id.* § 404(b); *see also United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020).

The FSA plainly provides that a covered drug offense under the statute is one in which "the statutory penalties . . . were modified by section 2 or 3 of the Fair Sentencing Act of 2010." *Id.* § 404(a); *see also Jones*, 962 F.3d at 1298. Thus, the court's initial determination is simply whether the defendant was sentenced pursuant to the higher

Case 3:98-cr-00126-LC   Document 398   Filed 09/08/20   Page 4 of 7

Page 4 of 7

penalty provisions of 21 U.S.C. §§ 841(b)(1)(A)(iii) or (B)(iii). *Jones*, 962 F.3d at 1298. Beyond that, the court may consider the actual quantity of crack cocaine that was involved in the offense when determining whether it should exercise its discretion to reduce the defendant's sentence under the FSA. *Id.* at 1301, 1304. Also informing that discretion are the revised statutory ranges under the FSA, the Sentencing Guidelines, and the sentencing factors set out in 18 U.S.C. § 3553(a). *Id.*; *see also United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019); *United States v. Boulding*, 379 F. Supp. 2d 646, 654 (W.D. Mich. 2019).

Since Defendant was sentenced under §§ 841(b)(1)(A)(iii), a sentencing provision affected by the FSA, his offense is a covered offense, rendering him eligible for consideration for a sentence reduction. Though the FSA would have the court now consider Defendant's sentence in Count One in light of the increase in the statutory threshold from 50 grams to 280 grams, the Court notes that the new threshold is still substantially exceeded by the amount of cocaine base, 2.9 kilograms, that was attributed to Defendant at sentencing. As provided in a memorandum submitted by the Probation Office, and based only on the drug weight that was charged, Defendant would be facing a mandatory minimum term of 10 years imprisonment to life on Count One if he were sentenced today, and a 4 year minimum term of supervised release.

The Court notes that, while Defendant's offense in Count One included cocaine powder, he was not held accountable for powder for purposes of sentencing under the guidelines. Moreover, when as here charges are aggregated for purposes of the sentencing guidelines in order to impose a unified, single sentence, courts have found that a defendant's eligibility for a sentence reduction under the FSA allows the court to reduce the defendant's sentence as it pertains to other charges as well. *See United States v. Mazzini*, No. 95-CR-000538-MV, 2020 WL 2467900, at *6 (D.N.M. May 13, 2020); *United States v. Luna*, No. 3:05-CR-58 (SRU), 2020 WL 464778, at *6-8 (D. Conn. Jan. 29, 2020); *United States v. Clarke*, No. 4:92CR4013-WS/CAS, 2019 WL 7499892, at *1–2 (N.D. Fla. Oct. 24, 2019); *see also United States v. Fowler*, 749 F.3d 1010, 1016 (11th Cir. 2014). Thus, it is entirely fair to consider, as in the instant case, that the quantum of penalty imposed with regard to Defendant's crack cocaine charge would also influence the quantum of penalty imposed as to his powder cocaine charge, and that a reduction in the penalty for the FSA charge should similarly affect the other, associated charges. Furthermore, it is noted that the 10 year statutory minimum that applied to Defendant's cocaine powder offense in Count two has already been served.

The Court further notes that in its discretion it may depart downward from the sentencing guidelines when considering a sentence reduction under the FSA. *See*

*United States v. Bell*, --- Fed.Appx. ----, 2020 WL 4192069, at *3 (11th Cir. July 21, 2020) (citing *Jones*, 962 F.3d at 1304-05; *United States v. Chambers*, 956 F.3d 667, 674 (4th Cir. 2020).

While the Court recognizes that Defendant was involved in nearly 3 kilograms of cocaine base, in recognition of the fact that there is proportionately less of an excess in drug weight attributable to Defendant when compared with the increased threshold amounts imposed by the FSA, the Court finds that a sentence reduction should be provided. Also driving the court's discretion in this regard is the fact that Defendant's prison disciplinary record, though it contains 6 disciplinary infractions over the past 20 years, some involving dangerous tools and disruptive behavior, nonetheless demonstrates good conduct in prison. Defendant also appears to have maintained steady employment, has availed himself of educational opportunities, and has become a reliable inmate.

Accordingly, it is **ORDERED:**

1. Defendant's motion for a reduction in sentence under the First Step Act of 2018 (Doc. 383) is **GRANTED** to the extent provided herein and is **DENIED** in all other respects.

2.	Defendant's term of imprisonment is hereby **REDUCED** to **240 Months** as to Counts One and Two, both terms running concurrently;[1] and his term of supervised release as to Counts One and Two is **REDUCED** to **8 years** as to Count One and Two, with both terms to run concurrently.

3.	Defendant's consecutive term of 5 years imprisonment and concurrent term of 3 years of supervised release under Count Three remain unchanged.

**ORDERED** on this 4th day of September, 2020.

*s/ L.A. Collier*
Lacey A. Collier
Senior United States District Judge

---

[1] The Court realizes that the sentences in Counts One and Two, as herein modified by Court, appear to have now expired. The Court leaves that calculation, and the computation of the length of Defendant's remaining sentence under Count Three, to the Bureau of Prisons.

Case No.: 3:98cr126/LAC